An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

# IN THE SUPREME COURT OF THE STATE OF NEVADA

VINCENT JOSEPH SPOTO,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 60640

FILED

FEB 13 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a judgment of conviction, pursuant to a guilty plea, of establishing or possessing a financial forgery laboratory. Eighth Judicial District Court, Clark County; Jerome T. Tao, Judge.

Appellant Vincent Joseph Spoto contends that the district court abused its discretion by adjudicating him as a habitual criminal because the State failed to prove the requisite number of prior felony convictions. See NRS 207.010(1)(a) (requiring two prior convictions to be eligible for adjudication under small habitual criminal statute). Spoto does not challenge his Nevada conviction for possession of stolen property and we conclude he fails to include sufficient argument or citation to legal authority to warrant our consideration of his contention that the district court erred by concluding that his convictions for attempted escape and third-degree sale of a controlled substance were valid. See Maresca v. State, 103 Nev. 669, 673, 748 P.2d 3, 6 (1987).

Spoto also contends that the district court abused its discretion by adjudicating him as a habitual criminal because the instant

SUPREME COURT
OF
NEVADA

(O) 1947A

13-04685

offense was non-violent; most of the prior felony convictions relied upon for habitual criminal treatment were relatively old; and the prior convictions were of disparate natures, which Spoto asserts, "denotes a lack of specified habitual criminality." The district court has broad discretion to dismiss a count of habitual criminality. See NRS 207.010(2); O'Neill v. State, 123 Nev. 9, 12, 153 P.3d 38, 40 (2007). Our review of the record reveals that the district court understood its sentencing authority and we conclude that the district court did not abuse its discretion by declining to dismiss the count. See Hughes v. State, 116 Nev. 327, 333, 996 P.2d 890, 893 (2000); see also Arajakis v. State, 108 Nev. 976, 983, 843 P.2d 800, 805 (1992) ("NRS 207.010 makes no special allowance for non-violent crimes or the remoteness of convictions.").

Lastly, Spoto asserts that his sentence of 5-18 years in prison constitutes cruel and unusual punishment because it is excessive and disproportionate to the gravity of the underlying offense and his criminal history. We disagree. Spoto does not allege that the habitual criminal punishment statute is unconstitutional, his sentence is within the parameters of that statute, and we are not convinced that the sentence imposed is so disproportionate to the gravity of the offense and Spoto's criminal history as to shock the conscience. Therefore we conclude that the sentence does not constitute cruel and unusual punishment, see NRS 207.010(1)(a); Ewing v. California, 538 U.S. 11, 29 (2003) (plurality opinion); Harmelin v. Michigan, 501 U.S. 957, 1000-01 (1991) (plurality

opinion); <u>Blume v. State</u>, 112 Nev. 472, 475, 915 P.2d 282, 284 (1996), and we

ORDER the judgment of conviction AFFIRMED.[1]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

cc:    Hon. Jerome T. Tao, District Judge
       Eichhorn & Hoo LLC
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk

---

[1]Spoto's fast track statement does not comply with NRAP 3C(h)(1) and NRAP 32(a)(4) because it does not contain 1-inch margins on all four sides. We caution Spoto's counsel that future failure to comply with applicable rules may result in the imposition of sanctions. <u>See</u> NRAP 3C(n).